# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM S32400**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Steven R. BICKHAM, JR.**
Staff Sergeant (E-5), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 25 May 2017

———————————

*Military Judge:* Shelly W. Schools.

*Approved sentence:* Bad-conduct discharge, confinement for 30 days, and reduction to E-1. Sentence adjudged 16 December 2015 by SpCM convened at Sheppard Air Force Base, Texas.

*For Appellant:* Colonel Christopher W. Dentel, USAF.

*For Appellee:* Lieutenant Colonel Lance R. Smith, USAF; Gerald R. Bruce, Esquire.

Before DREW, J. BROWN, and MINK, *Appellate Military Judges.*

Senior Judge J. BROWN delivered the opinion of the court, in which Chief Judge DREW and Judge MINK joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

———————————

J. BROWN, Senior Judge:

A special court-martial composed of a military judge sitting alone found Appellant guilty, consistent with his pleas pursuant to a pretrial agreement, of an attempt to steal insurance money of a value of more than $500, a three-day absence without leave, and a false official statement, in violation of Arti-

cles 80, 86, and 107, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 880, 886, 907. The military judge sentenced Appellant to a bad-conduct discharge, confinement for 30 days, and reduction to E-1. The convening authority waived automatic forfeitures for the benefit of Appellant's dependents, but otherwise approved the adjudged sentence.

Appellant now requests "appropriate sentence relief" pursuant to *United States v. Tardif*, 57 M.J. 219 (C.A.A.F. 2002) for delay between the convening authority's action and docketing of his case with this court. We disagree and affirm.

## I. BACKGROUND

Appellant, who was assigned at the time to work as a security forces patrolman on Sheppard Air Force Base, completed an Air Force Security Forces witness statement and provided it to another security forces member to sign, in his official capacity, as a "witness/interviewer." In the statement, Appellant falsely claimed that, while he and his wife were at an off-base gym, a computer valued at $1300, an iPod valued at $100, and wedding rings valued at $2500 were stolen from his vehicle.

Appellant then submitted a false claim to his insurance company requesting reimbursement for the items that were purportedly stolen from his vehicle. When explaining the purported incident to his insurance company, he identified himself as a security forces patrolman on base and stated that similar incidents of theft had previously occurred on base because foreign nationals were on base and, "a lot of times, they do things like that."

In addition, Appellant told his supervisor that he was extended on convalescent leave for three days in July 2015. Appellant knew, however, that he was not on convalescent leave and was required to report to duty for those three days.

## II. DISCUSSION—POST-TRIAL DELAY

Appellant's case was docketed with this court 49 days after the convening authority's action. Appellant seeks sentence relief due to the delay between the convening authority's action and our docketing of his case. In determining whether to provide *Tardif* sentencing relief, Appellant also asks that we consider that the Government served the record of trial (ROT) on Appellant 22 days after it was authenticated, rather than "as soon as . . . authenticated" as set forth in Rule for Courts-Martial 1104(b)(1)(A). Appellant does not allege any prejudice.

The Government submitted an affidavit explaining that the delay in serving Appellant the ROT was attributable to logistical difficulties in serving the

record on Appellant because he was on leave and, even when not on leave, his leadership also elected to allow Appellant to stay at home.

The Government's affidavits also addressed the actions taken between action and docketing. The Government explained that it took approximately a week between action and the base legal office sending the ROT to their higher headquarters for review. The higher headquarters' initial review took a week and identified errors in the ROT, to include missing receipts. The higher headquarters notified the base legal office of the errors, and the base legal office took approximately three weeks to locate and provide the missing receipts. After receiving these missing items, the higher headquarters took an additional week to finalize their review of the ROT and then forwarded it for docketing. By this time, 49 days had elapsed.

"[C]onvicted servicemembers have a due process right to timely review and appeal of courts-martial convictions." *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006). Accordingly, we review de novo Appellant's claim that he has been denied his due process right to a speedy post-trial review and appeal. *Id.*

In *Moreno*, the Court of Appeals for the Armed Forces (CAAF) established a presumption of unreasonable post-trial delay that requires a due process review when the convening authority does not take action within 120 days of trial, when a record of trial is not docketed with us within 30 days of the convening authority's action, or when we do not render a decision within 18 months of the case's docketing. *Id.* at 142.

If there is a *Moreno*-based presumption of unreasonable delay or an otherwise facially-unreasonable delay, we examine the claim under the four factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530 (1972): "(1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice." *Moreno*, 63 M.J. at 135. *Moreno* identified three types of prejudice arising from post-trial processing delay: (1) oppressive incarceration; (2) anxiety and concern; and (3) impairment of ability to present a defense at a rehearing. *Id.* at 138–39.

"We analyze each factor and make a determination as to whether that factor favors the Government or [Appellant]." *Id.* at 136. Then, we balance our analysis of the factors to determine whether a due process violation occurred. *Id.*; *see also Barker*, 407 U.S. at 533 ("Courts must still engage in a difficult and sensitive balancing process."). "No single factor is required for finding a due process violation and the absence of a given factor will not prevent such a finding." *Moreno*, 63 M.J. at 136. However, where an appellant has not shown prejudice from the delay, there is no due process violation unless the delay is so egregious as to "adversely affect the public's perception of

the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006).

The period of 49 days between action and docketing in this case is presumptively unreasonable, exceeding the standard by 19 days, and triggers a full due process review under *Moreno*. However, Appellant has not claimed any legally cognizable prejudice from the delay, and we find none. Balancing the remaining factors, and considering the Government's explanation for the delay, we do not find the delay so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system. *See Toohey*, 63 M.J. at 362. Therefore, we find no due process violation.

Although we find no due process violation in Appellant's case, we nonetheless consider whether Article 66(c), UCMJ, 10 U.S.C. § 866(c), relief pursuant to *Tardif* is appropriate. 57 M.J. at 224. In resolving Appellant's request for *Tardif* relief, we are guided by factors enumerated in *United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016), with no single factor being dispositive.[*] We are also mindful of the CAAF's admonition that "delay in the administrative handling and forwarding of the record of trial and related documents to an appellate court is the least defensible of all [post-trial delays] and worthy of the least patience." *United States v. Dunbar*, 31 M.J. 70, 73 (C.M.A. 1990) (hyphen omitted).

We find the Government's explanations for the 49-day delay between action and docketing unpersuasive. However, after balancing the remaining factors, we conclude no extraordinary exercise of our Article 66(c) authority is warranted here. Considered as a whole, Appellant's case has not been subjected to excessive delay, and we discern no particular harm to Appellant.

---

[*] These factors include: (1) How long the delay exceeded the standards set forth in *Moreno*; (2) what reasons, if any, the Government set forth for the delay, and whether there is any evidence of bad faith or gross indifference to the overall post-trial processing of this case; (3) whether there is nonetheless evidence of harm (either to the appellant or institutionally) caused by the delay; (4) whether the delay has lessened the disciplinary effect of any particular aspect of the sentence, and whether relief is consistent with the dual goals of justice and good order and discipline; (5) whether there is any evidence of institutional neglect concerning timely post-trial processing, either across the service or at a particular installation; and (6) whether, given the passage of time, whether this court can provide meaningful relief in this particular situation. *United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016).

The delay has not lessened the disciplinary effect of Appellant's sentence. The delay has not adversely affected our ability to review Appellant's case or grant him relief, if warranted. The circumstances of Appellant's case do not move us to reduce an otherwise appropriate sentence imposed by the military judge and approved by the convening authority. *See also United States v. Gines*, No. ACM S32410, 2017 CCA LEXIS 200 (A.F. Ct. Crim. App. 23 Mar. 2017) (unpub. op.) (no relief for 46 days between action and docketing); *United States v. Ruiz*, No. ACM 38752, 2016 CCA LEXIS 470 (A.F. Ct. Crim. App. 9 Aug. 2016) (unpub. op.) (no relief for 57 days between action and docketing); *United States v. Spencer*, No. ACM S32198, 2015 CCA LEXIS 38 (A.F. Ct. Crim. App. 5 Feb. 2015) (unpub. op.) (no relief for 46 days between action and docketing).

## III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court

5